IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM B. ANDERSON, | No. 2:23-CV-2260-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| S. HALBRITTER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for leave to supplement his pleadings. See ECF Nos. 9 and 10.

Plaintiff initiated this action with a pro se complaint filed on October 5, 2023. See ECF No. 1. Plaintiff filed a first amended complaint as of right on October 13, 2023. See ECF No. 5. In the first amended complaint, Plaintiff claims that the named defendants, who are alleged to be current or former prison officials at Mule Creek State Prison, engaged in various acts of retaliation in violation of Plaintiff's First Amendment rights. See id.

Prior to issuance of a screening order addressing the sufficiency of Plaintiff's allegations, Plaintiff filed the current motions for leave to supplement his pleadings. See ECF Nos. 9 and 10. In these motions, Plaintiff seeks leave to supplement to allege additional instances of retaliation which have occurred after this action was initiated and as a result of this action

1 being initiated. See id. Plaintiff also seeks to name an additional defendant alleged to be

2 responsible for the additional acts of retaliation. See id.

3     Under Federal Rule of Civil Procedure 15(d):

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

8     See Fed. R. Civ. P. 15(d).

9     The Court finds good cause to permit Plaintiff to supplement the operative first

10 amended complaint to allege continued retaliation and to name an additional defendant.

11 Consistent with Rule 15(d), the Court will address the sufficiency of Plaintiff's claims separately.

12 Because the Court cannot refer to multiple filings in order to make Plaintiff's pleading complete,

13 the Court will direct Plaintiff to file a single amended complaint which incorporates the

14 allegations set forth in the first amended complaint as well as the allegations of continued

15 retaliation by a newly named defendant referenced in Plaintiff's motions for leave to supplement.

16     Plaintiff is cautioned, however, that this action shall proceed on the operative first

17 amended complaint currently on file if Plaintiff does not file a further amended pleading within

18 the time permitted.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Accordingly, IT IS HEREBY ORDERED as follows:

    1.    Plaintiff's motions for leave to supplement, ECF Nos. 9 and 10, are GRANTED.

    2.    Plaintiff may file a second amended complaint within 30 days of the date of this order, such amended complaint to incorporate the allegations of the first amended complaint and Plaintiff's allegations, as set forth in the motions to supplement, of continued retaliation as against one newly named prison official.

    3.    If Plaintiff does not file a second amended complaint within the time permitted therefor, this action shall proceed on the operative first amended complaint filed on October 13, 2023, without further leave to supplement.

Dated:  June 17, 2024

                              DENNIS M. COTA
                              UNITED STATES MAGISTRATE JUDGE